IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. HAGGERTY | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 02-4780 |
| JOHN ASHCROFT, UNITED STATES DEPARTMENT OF JUSTICE | : |
| Defendant. | : |

### ORDER

AND NOW, this    day of      2002, upon review of Defendant United States Motion to Dismiss for Lack of Venue or in the Alternative to Transfer Venue, and Plaintiff's Response thereto, it is hereby ORDERED that said Motion is GRANTED.

IT IS FURTHER ORDERED that the District Court Clerk hereby transfer this action to the United States District Court for the Eastern District of New York.

BY THE COURT:

_____
STEWART DALZELL
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. HAGGERTY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 02-4780 |
| | : |
| JOHN ASHCROFT, UNITED STATES DEPARTMENT OF JUSTICE | : |
| | : |
| Defendant. | : |

## MOTION TO DISMISS FOR LACK OF VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE

NOW comes John Ashcroft, Attorney General of the United States of America, by his attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Nadine M. Overton, Assistant United States Attorney for the same district, and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or in the alternative, pursuant to 28 U.S.C § 1406(a) hereby requests that this action be transferred to the Eastern District of New York for the reasons that:

1. The location where the unlawful act which is the subject of this claim of employment discrimination is alleged to have occurred in is New York, New York which is in the Eastern District of New York.

2. At the time of the incident alleged in the Complaint, Plaintiff was employed as an Immigration Inspector, GS-1816-9 with the Department of Justice, Immigration and Naturalization Service ("INS"), residing in Bayside, New York and therefore a resident of the Eastern District of New York.

3. The employment discrimination action alleges unlawful discrimination by numerous employees of the INS, all of whom work and reside within the Eastern District of New York.

4. All of the witnesses reside and/or work within the Eastern District of New York.

5. The employment records which are necessary sources of proof to this action, are maintained at the INS facility in New York, New York or the location of the EEO investigation in Falls Church, Virginia.

6. If plaintiff had been awarded the promotion he sought in the matter which is the subject of this lawsuit, plaintiff would have been employed at the John F. Kennedy International Airport which is located in the Eastern District of New York.

7. There is no nexus between the incident alleged and the Eastern District of Pennsylvania, save for the sole exception of the home address of the Plaintiff, pro se who resides in Doylestown, PA. Pursuant to 42 U.S.C. §2000e-5(f)(3), venue is not determined by residence but by the factors referenced above.

8. Since the pro se plaintiff has chosen the improper district, the interests of justice may be served by transferring the matter to the Eastern District of New York where it could have been properly brought.

WHEREFORE, defendant, John Ashcroft, Attorney General, United States Department of Justice, respectfully requests that the Court issue an order transferring this action to the Eastern

District of New York.

                                  Respectfully submitted,

                                  PATRICK L. MEEHAN
                                United States Attorney

                                _____

                                JAMES G. SHEEHAN
                                Assistant United States Attorney
                                Chief, Civil Division

                                _____

                                NADINE M. OVERTON
                                Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. HAGGERTY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 02-4780 |
| | : |
| JOHN ASHCROFT, UNITED STATES DEPARTMENT OF JUSTICE | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF VENUE OR IN THE ALTERNATIVE TO
TRANSFER VENUE**

**I. BACKGROUND**

Plaintiff, pro se, filed this claim for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e et seq in the Eastern District of Pennsylvania. Plaintiff contends that he was discriminated against on the basis of his sex (male) and national origin (American of Irish descent) when he was not selected for the position of Immigration Inspector (Instructor) at John F. Kennedy International Airport ("JFK Airport"). His complaint further alleges that he was discriminated on the basis of his race (Caucasian) and National Origin (American) when he was subjected to a hostile work environment after an altercation with a co-worker. At the time of both his non-selection and being subject to the alleged hostile work environment, plaintiff was employed by the Immigration and Naturalization Service, Department of Justice as an Immigration Inspector at JFK Airport in the Queens New

4

York facility. During the course of his employment, plaintiff resided in the state of New York. Plaintiff currently resides in Doylestown, Pennsylvania.. The position in controversy, Immigration Inspector (Instructor), was located at the JFK Airport.

## II. ARGUMENT

### A. VENUE IS IMPROPER IN THE JUDICIAL DISTRICT OF PENNSYLVANIA

Plaintiff's complaint alleges violations of Title VII.. The venue provisions of Title VII are codified at 42 U.S.C. §2000e-5(f) (3) and provide as follows:

> ...Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office....

As recited above, the selection in question occurred in the state of New York at the Queens Facility at JFK Airport. All of the employment records of the plaintiff, the successful applicant and other applicants for the position in question are maintained at the Queens Facility. The position to which plaintiff sought promotion was in the Queens Facility. See Exhibit A, Vacancy Announcement, ER OC 98-99 (NYC). Therefore, but for the alleged unlawful employment action, plaintiff would have been employed at the Queens Facility in the state of New York[1]. Moreover, plaintiff was employed at the JFK Airport when the matters giving rise to his allegation of a hostile work environment arose. See Exhibit B, Affidavit of Michael C.

---

[1] The general rules of jurisdiction do not apply in cases proceeding under Title VII. The venue provisions under Title VII are exclusive. Thurman v. Martin Marietta Data Systems, 596 F.Supp. 367, 368 (M.D. Pa. 1984).

Haggerty. None of the prerequisites for venue under Title VII are proper in the judicial district of Pennsylvania.

### B. VENUE IS PROPER IN THE EASTERN DISTRICT OF NEW YORK AND TRANSFER TO THAT DISTRICT IS IN THE INTERESTS OF JUSTICE

Once the Court has determined that venue is improper in this district, the Court must determine whether the plaintiff's case will be dismissed or transferred. Where venue has been incorrectly chosen, a district court may dismiss the case, or it may transfer it to the appropriate district "in the interest of justice." 28 U.S.C. §1406(a). Clearly, plaintiff should have brought this action in the Eastern District of New York because the alleged discrimination took place in New York; all of the records relevant to the selection in question are in New York[2]; all of the records relevant to the alleged hostile work environment are in New York; and if the alleged discriminatory acts had not occurred, plaintiff would have accepted the promotion and performed his duties in New York. Since the plaintiff is pro se, his lack of expertise in the law of Title VII is excusable for purposes of establishing venue.

### III. CONCLUSION

For the foregoing reasons, defendant respectfully requests that since the case could have and should have been brought in the Eastern District of New York, defendant's motion to dismiss

---

[2] The EEO investigation took place in Virginia, therefore, some records may temporarily have been located in Virginia.

or in the alternative to transfer venue be granted.

          Respectfully submitted,

          PATRICK L. MEEHAN
          United States Attorney

          _____
          JAMES G. SHEEHAN
          Assistant United States Attorney
          Chief, Civil Division

          _____
          NADINE M. OVERTON
          Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant's Motion has been served this date, by United States mail, upon:

        Michael C. Haggerty, Pro Se
        1 Country Brook Drive
        Doylestown, PA 18901-2282

        _____
        NADINE M. OVERTON
        Assistant United States Attorney

Dated: <u>October 4, 2002</u>